O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1653 AHM (MANx) | Date | December 3, 2010 |
|---|---|---|---|
| Title | FLORES, et al. v. COUNTRYWIDE HOME LOANS, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On August 4, 2010, Plaintiffs Cecilio and Yolanda Flores ("Plaintiffs") filed this action in the Superior Court of California for the County of Riverside. The Complaint alleges ten causes of action against Defendants Countrywide Home Loans, Inc., Countrywide Bank FSB, CTC Real Estate Services, Recontrust Company, N.A., and Federal National Mortgage Association ("Defendants") in connection with a foreclosure proceeding on Plaintiffs' residence.

On October 27, 2010, Defendants removed this action[1] to this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331. On November 3, 2010, Defendants filed this Motion to Dismiss[2] the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Having considered the papers submitted and the file in the case, the Court has determined that this matter is suitable for submission to the Court without oral argument. *See* Local Rule 7-15; Fed. R. Civ. P. 78. For the following reasons, the Court GRANTS Defendant's Motion to Dismiss the sole federal claim and *sua sponte* remands this action to Riverside County Superior Court. Plaintiffs' Motion to Remand[3] is hereby considered moot.

---

[1] Defendants' Notice of Removal was timely, because Defendants were served with notice of Plaintiffs' state court action no earlier than September 27, 2010. NOR, ¶ 3.

[2] Dkt. 6.

[3] Dkt. 12.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1653 AHM (MANx) | Date | December 3, 2010 |
|---|---|---|---|
| Title | FLORES, et al. v. COUNTRYWIDE HOME LOANS, INC., et al. | | |

**A.     Motion to Dismiss**

The Complaint alleges a total of ten claims for: (1) declaratory relief; (2) fraud; (3) violations of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 et seq. ("RESPA"); (4) reformation; (5) quiet title; (6) violation of the UCL, California Business and Professions Code § 17200 et seq.; (7) violation of California Civil Code § 2923.6; (8) violation of California Civil Code § 1788.17; (9) violation of California Civil Code § 1572; and (10) injunctive relief. The only federal claim referred to in the Complaint is Plaintiffs' third cause of action for RESPA violations.[4]

Plaintiffs' RESPA claim, Plaintiffs' <u>only</u> federal cause of action, was filed four years after the closing of their loan, is time-barred. The statute of limitations for RESPA is one year from the occurrence of the violation for claims arising under section 2607 or 2608, and three years for violations brought pursuant to section 2605. *See* 12 U.S.C. § 2614. Plaintiffs allege that the RESPA violations occurred leading up to the signing of the loan. Compl. ¶¶ 27-48. The loan was signed August 3, 2006, Compl., Exh. A, and Plaintiffs did not file this action until August 4, 2010, well outside of the statute of limitations. While Plaintiffs claim they are entitled to equitable tolling of the statute of limitations, they have not pled any facts in support of a finding of equitable tolling. Opp., at 6. Accordingly, Plaintiffs' federal claim is time barred and is therefore DISMISSED with prejudice.

**B.     Remand**

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386

---

[4]Plaintiffs claim, in their Opposition to the Motion, to allege TILA claims in their complaint. Opp., at 5. However, not only are there no TILA allegations to be found in the Complaint, but a TILA violation, even if properly alleged, would be untimely. The statute of limitations for TILA is one year from the date of the loan transaction. *See* 15 U.S.C. § 1635(f); 15 U.S.C. § 1640(e). Plaintiffs filed this action nearly four years after the signing of the loan.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1653 AHM (MANx) | Date | December 3, 2010 |
|---|---|---|---|
| Title | FLORES, et al. v. COUNTRYWIDE HOME LOANS, INC., et al. | | |

(1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2004). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2004).

      Here, the Complaint does not present a valid federal question. Plaintiffs concede in their Opposition that "none of plaintiffs' other causes of action are dependent on the viability of a direct RESPA cause of action." Opp., at 6. As such, there are no claims remaining that necessarily depend on resolution of an actual and disputed federal issue.

      Accordingly, this Court lacks jurisdiction over Plaintiffs' claims and *sua sponte* REMANDS them to Riverside County Superior Court. Plaintiffs' Motion to Remand is hereby moot.

**JS-6**

                                :

Initials of Preparer        SMO